UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 24-CV-2855 (RER)

WU LONG CHEN

VERSUS

M. MILLER

**MEMORANDUM & ORDER**

July 30, 2024

**RAMÓN E. REYES, JR., U.S.D.J.:**

Petitioner Wu Long Chen ("Chen"), proceeding *pro se*, requests that his petition for a writ of habeas corpus under 28 U.S.C. § 2254 be held in abeyance while he exhausts additional claims in state court. (ECF No. 4). For the reasons that follow, Petitioner's request is denied without prejudice.

## BACKGROUND

Chen was convicted in Kings County Supreme Court of murder in the second degree and criminal possession of a weapon in the third degree. (ECF No. 1 ("Pet.") at 1). He was sentenced to a total of forty years of incarceration, to be followed by five years of post-release supervision. (*Id.*). Chen appealed his conviction, arguing that (1) the victim's autopsy report was improperly admitted into evidence, (2) the prosecutor's summation was so inflammatory so as to render an unfair trial, and (3) the sentence imposed was excessive. (*Id.* at 17–18). On November 2, 2022, the Appellate Division

affirmed the conviction (*Id.*). Chen sought leave to appeal to the Court of Appeals, which was denied on February 23, 2023. (*Id.* at 19).

On March 21, 2024, Chen filed a habeas petition to this Court addressing the three issues raised on appeal. (Pet. at 1–15). Chen's habeas petition is timely because it was brought within one year from the expiration of the date to file a request for *certiorari* with the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001). On May 22, 2024, Chen filed a letter seeking a stay and abeyance pending the resolution of a state court collateral proceeding. (ECF No. 4). This letter alerted the Court to the fact that on March 5, 2024, in Kings County Supreme Court, Chen moved to vacate his judgment and to set aside his sentence pursuant to New York Criminal Procedure Law ("CPL") §§ 440.10, 440.20 because: (1) he was seized and questioned in violation of his Fourth Amendment rights; (2) he did not receive warnings in compliance with *Miranda v. Arizona*, 384 U.S. 436 (1966) on the first day of his interrogation; and (3) his sentence is excessive. (ECF No. 7-12).

Chen does not provide any reasoning for seeking the stay. Due to his *pro se* status, the Court construes the request as one so that he can pursue the unexhausted state claims that are not in his petition, after which he would seek to amend his petition and present the claims for federal habeas review. *See Dorcinvil v. Kopp*, No. 20-CV-600 (KAM), 2024 WL 69093, at *5 (E.D.N.Y. Jan. 5, 2024) ("When a habeas petitioner proceeds pro se, the court holds the petition to less rigorous standards," and "must liberally construe the petition to raise the strongest arguments it suggests"); *Jeffrey v. Capra*, No. 20-CV-232 (RPK), 2020 WL 4719629, at *2 (E.D.N.Y. Aug. 12, 2020) (to obtain federal review of unexhausted claims not raised in the habeas petition, the

petitioner would need to exhaust them in state court and then amend his federal petition to include them) (citing 28 U.S.C. § 2254(b)(1); *Davila v. Davis*, 582 U.S. 521, 527 (2017)).

## DISCUSSION

A district court "shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before seeking such relief, "a state habeas petitioner must first exhaust his state remedies by fairly presenting his constitutional claims to the state courts." *Vazquez v. Miller*, No. 23-CV-0564 (PKC), 2024 WL 1348743, at *4 (E.D.N.Y. Mar. 28, 2024) (citing 28 U.S.C. § 2254(b)(1)(A); *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010)). "A petitioner fairly presents a constitutional claim to the state courts when he presents the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Id.*

### I. Stay and Abeyance

District courts "ordinarily have authority to issue stays . . . where such a stay would be a proper exercise of discretion," but in the context of a habeas petition, a "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 276–77 (2005). The Supreme Court stated that if granted too frequently, stays could frustrate the "twin purposes" of the Anti-Terrorism and Effective Death Penalty Act of 1996—that is, expediency and encouraging the exhaustion of remedies prior to filing the federal petition. *Id.* In the context of a "mixed petition,"—a petition that contains both exhausted and unexhausted claims—courts should grant a stay and abeyance only if "there was good cause for the petitioner failure to exhaust his claims first in state court."

*Id.* at 277. Even if a petitioner does demonstrate good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* at 278.

The Second Circuit has yet to determine whether a stay and abeyance should be granted when a petitioner's claims are exhausted but seeks a stay to pursue additional, unexhausted claims. *See Townes v. Lacy*, 68 F. App'x 217 (2d Cir. 2003) (summary order). Assuming that *Rhines* applies in this instance, *see Jeffrey*, 2020 WL 4719629, at *2, the Court finds that Petitioner has not demonstrated that his case should be stayed or held in abeyance.

Courts have determined that good cause "requires a showing of either (1) some factor external to the petitioner [that] gave rise to the default or (2) reasonable confusion, which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief." *Megnath v. Royce*, No. 20-CV-1305 (EK) (LB), 2021 WL 4502471, at *3 (E.D.N.Y. Sept. 30, 2021) (quotation omitted). "A lack of knowledge of legal procedures, in itself, is insufficient to find 'good cause.'" *McCrae v. Artus*, No. 10-CV-2988 (RRM), 2012 WL 3800840, at *10 (E.D.N.Y. Sept. 2, 2012) (quotation omitted). The court cannot grant a stay "for the sole reason that petitioner failed to bring his claim earlier." *Spells v. Lee*, No. 11-CV-1680 (KAM) (JMA), 2012 WL 3027865, at *6 (E.D.N.Y. July 23, 2012) (citation omitted).

Here, Chen does not provide any reasoning for why he did not exhaust his claims before filing his petition. (*See* ECF No. 4). Accordingly, the Court finds that Chen has not demonstrated good cause for a stay. *See, e.g.*, *Morrow v. Capra*, No. 18-CV-5765 (AMD) (LB), 2022 WL 970728, at *12 (E.D.N.Y. Mar. 31, 2022) (the petitioner did not

demonstrate good cause for a stay when he failed to explain why he did not exhaust the claims or to present information that would allow the Court to make a good cause determination); *Spells*, 2012 WL 3027865, at *6 (collecting cases for the premise that when a petitioner fails to demonstrate "*any* cause" for failing to exhaust his claims, the petitioner failed to establish good cause).

Moreover, even if Chen did demonstrate good cause, the claims made in the collateral proceedings lack merit because they are procedurally defaulted. When a "'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

A motion to vacate judgment "must" be denied when:

> "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his or her unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him or her unless the issue raised upon such motion is ineffective assistance of counsel[.]

CPL § 440.10(2)(c). As such, "when a petitioner has failed to bring claims on direct appeal despite a sufficient record, his claims are deemed procedurally defaulted in federal court." *Holguin v. Lee*, No. 13 Civ. 1492 (LGS) (JLC), 2013 WL 3344070, at *4 (S.D.N.Y. July 3, 2013) (citing *Sweet v. Bennett*, 353 F.3d 135–39 (2d Cir. 2003)). Likewise, a motion to set aside a sentence "must" be denied "when the ground or issue raised thereupon was

previously determined on the merits upon an appeal from the judgment or sentence." CPL § 440.20(2). "[T]he purpose of a CPL article 440 motion is to inform a court of facts not reflected in the record and unknown at the time of the judgment. By its very nature, the procedure cannot be used as a vehicle for an additional appeal." *People v. Spradlin*, 188 AD3d 1454, 1460 (3d Dept 2020) (quotation and citations omitted).

Chen's new claims regarding the unlawful search and seizure and the lack of *Miranda* warnings are based on facts established within the record and could have been brought on appeal. (*See* ECF No. 7-1 at 13:15–14:01, 52:15–16) (during a suppression hearing, finding that as a result of various lines of investigation, the detectives flagged Chen in online databases for any type of travel abroad, and upon Chen's attempt to travel to Mexico, he was detained and questioned); (*id.* at 15:2–16:13, 29:10–36:05, 53:10) (finding that based upon the investigating detectives' testimonies, Chen had been given proper *Miranda* warnings); (ECF No. 7-3 at 310:21–11:17) (on direct examination at trial, Chen agreed that he had been read and understood his *Miranda* rights). Accordingly, Chen's claims are procedurally barred by CPL § 440.10(2)(c). In addition, Chen's claim regarding an excessive sentence was already argued and adjudicated on direct appeal. (Pet. at 17–18). Thus, the claim is barred by CPL § 440.20(2). Because Chen's CPL motion is procedurally barred, the claims are procedurally defaulted for the purposes of a habeas petition and therefore lack merit.

## II. Leave to Amend

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to all civil action." 28 U.S.C. § 2242. Accordingly, Rule 15 of the Federal Rules of Civil Procedure applies. *See Harden v. LaClaire*, No. 07 Civ. 4592

(LTS) (JCF), 2008 WL 783538, at *7 (S.D.N.Y. Mar. 26, 2008), *adopted by* 2008 WL 4735231 (Oct. 27, 2008). "[E]ven if the petitioner were given the opportunity to exhaust the claims . . . leave to amend his habeas petition to add those claims would still be 'within the sound discretion of the court.'" *Id.*, at *6 (quoting *John Hancock Mutual Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994)). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Lucente v. Int'l Bus. Mack Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (quotation omitted). Allowing a petitioner to amend his habeas petition to include an unexhausted claim 'would be futile if the court also declined to use the stay and abeyance procedure while the petitioner exhausts the claim in state court.'" *Holguin*, 2013 WL 3344070, at *1 (quoting *Spells*, 2012 WL 3027865, at *5). Furthermore, procedural default can "make a proposed amendment futile if the petitioner has not shown cause or prejudice justifying the default." *Garavito-Garcia v. United States*, No. 17 Civ. 5798 (JSR) (SLC), 2019 WL 6884858, at *2 (S.D.N.Y. Nov. 13, 2019) (quotation omitted).

As stated above, the Court denies Chen's request for a stay. In turn, any amendment would be futile because it would include unexhausted claims that are procedurally defaulted. Chen does not offer any explanation for his request, so he has failed to demonstrate any cause or prejudice that justified the procedural default. Therefore, leave to amend would be futile.

## CONCLUSION

For the reasons set forth above, the Court denies Chen's request for a stay without prejudice. Chen's reply to Respondent's answer remains due August 19, 2024. The Clerk

of the Court is respectfully directed to serve a copy of this Order on Petitioner and note service on the docket.

SO ORDERED.

Hon. Ramón E. Reyes, Jr. Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.07.30 11:04:18 -04'00'

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 30, 2024
Brooklyn, NY